**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**COLWELL AND SALMON COMMUNICATIONS, INC.,**

                         **Plaintiff,**

    v.                                  1:10-CV-01137

**ARBORMED CORPORATION, et al.,**

                         **Defendants.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**THOMAS J. McAVOY**
**Senior United States District Judge**

## DECISION and ORDER

       Defendant filed a motion to dismiss Plaintiff's claim of constructive trust pursuant to Fed. R. Civ. P. 12 . Plaintiff filed a cross-motion for leave to amend the Complaint pursuant to Fed. R. Civ. P. 15.  For the following reasons, the Court denies Defendant's motion to dismiss and grants Plaintiff's motion for leave to amend the Complaint.

**I.**     **FACTS**

       The following facts are from the Plaintiff's Proposed First Amended Complaint and are deemed to be true for the purposes of this motion.

       Plaintiff, Colwell & Salmon Communications, Inc. (hereinafter "Colwell"), is a domestic corporation organized and existing under the laws of the State of New York, with a principle place of business in Albany, New York.  Defendant Bridge Healthcare Finance, LLC (hereinafter "Bridge") is a Delaware limited liability company with a principle place of business

in Chicago, Illinois.  Defendant ArborMed, Inc. (hereinafter "ArborMed") is a California corporation with a principle place of business in Orange, California.

On February 8, 2008, prior to certain loans made to ArborMed, Plaintiff entered into an Intercreditor Agreement with Defendant Bridge, which was intended to prioritize the respective security interests of Bridge and Colwell with regard to the subsequent loans made to ArborMed.  Defendant ArborMed then executed promissory notes in favor of Plaintiff and pledged certain of its assets and personal property as security for its performance of its obligations under the Notes, totaling $122,500.

In an April 7, 2009 letter to ArborMed, Plaintiff demanded payment in full of all amounts due and owing under the Notes in addition to payment in the amount of $55,944.00 for services rendered pursuant to an agreement between Colwell and ArborMed.  ArborMed, in a letter dated April 23, 2009, repudiated its obligation to pay any of the amounts due.  In October 2009, Fi-Med Management, Inc. (hereinafter "Fi-Med") acquired the assets of ArborMed at a public sale.  Defendant Bridge received approximately $350,000 of the proceeds from the sale of ArborMed's assets to Fi-Med.

Plaintiff alleges that pursuant to the Intercreditor Agreement existing between Bridge and Colwell, Bridge was only entitled to priority with regard to Colwell as to the first $50,000.00 of its secured interest in the assets of ArborMed.  Furthermore, the Intercreditor Agreement provided, in part, that:

> [i]n the event that any collateral, or any proceeds thereof shall be received . . . by Bridge . . . in violation of the terms of this Agreement while . . . the [Colwell] Short-Term Loan . . . is outstanding, such subject collateral or proceeds shall be held in trust for the benefit of and shall be immediately paid over or delivered to Colwell.

Pl.'s Prop. First Am. Compl. Para. 18.

Plaintiff filed suit on August 18, 2010 in the Supreme Court for the State of New York, County of Albany. Defendants filed a Notice of Removal which removed this action to federal court on September 21, 2010. On October 27, 2010, Bridge filed a motion to dismiss Plaintiff's cause of action for constructive trust. Plaintiff filed a motion for leave to amend the Complaint on December 23, 2010. Plaintiff's original Complaint contained a claim of constructive trust against Defendant Bridge. Plaintiff's Proposed First Amended Complaint contains claims against Defendant Bridge for breach of contract and breach of express trust, in addition to the existing constructive trust claim.

## II.   DISCUSSION

### a.   Cross-Motion for Leave to Amend Complaint

Defendant argues that Plaintiff's cross-motion to amend the Complaint should be denied because of Plaintiff's undue delay.

A party may amend its pleading within "21 days after serving it, or . . . 21 days after service of a motion under Rule 12 (b). . . . In all other cases, a party may amend its pleading with . . . the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15 (a). "[A] rule 15 (a) motion should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 604 (2d Cir. 2005) (citations and internal quotations omitted).

Here, the Court does not find that Plaintiff acted in bad faith, nor that the allowance of an amended Complaint will unduly prejudice Defendant. See State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981) (citations omitted) ("Mere delay, . . .

absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend."). Defendant will not be prejudiced by the Court allowing Plaintiff to amend the Complaint because this case is still in its initial pleading stage and the additional claims stated in Plaintiff's Proposed First Amended Complaint are based on the same subject matter as those pleaded in Plaintiff's original Complaint. See Tiller v. Atlantic Coast Line R. Co., 323 U.S. 574, 581 (1945) (allowing an amendment where both the original Complaint and amended Complaint "related to the same general conduct, transaction and occurrence" which gave rise to the cause of action).

Furthermore, the Court finds this delay of one month due to communication problems between counsel and client not to be excessive. As a matter of course, Plaintiff was entitled to file its amended complaint up to 21 days after being served by Defendant's Rule 12 motion to dismiss. See Fed. R. Civ. P. 15 (a)(1)(B). The delay in moving to amend was slightly greater than one month beyond this 21-day period. Denying Plaintiff's motion for leave to amend could mean a dismissal of all claims against Defendant based on a procedural technicality. Here, Plaintiff has the right to have its case decided on the merits. See Siegal v. Converters Transp., Inc., 714 F.2d 213 (2d Cir. 1983) ("The purpose of Rule 15 is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities."); see also Maty v. Grasselli Chemical Co., 303 U.S. 197, 201, 58 S. Ct. 507, 509 (1938) ("Proper pleading is important, but its importance consists in its effectiveness as a means to accomplish the end of a just judgment."). Accordingly, Plaintiff's cross-motion for leave to amend the Complaint is GRANTED.

The Court now turns to whether Plaintiff's claim for constructive trust, as laid out in Plaintiff's Proposed First Amended Complaint, survives Defendant's Rule 12 motion to dismiss.

### b. Motion to Dismiss

Defendant moves for dismissal of Plaintiff's constructive trust claim on the ground that Plaintiff fails to state a claim for constructive trust under both New York and Illinois law. Additionally, Defendant argues that under New York law the claim of constructive trust cannot be pleaded in the alternative to a breach of contract claim.

### 1. Factual Sufficiency of Proposed First Amended Complaint

First, Defendant argues that Plaintiff has failed to state a claim for which relief could be granted. "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8 (a). Additionally, "a party may set out 2 or more statements of a claim . . . alternatively . . . either in a single count . . . or in separate ones." Id. "Only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ruston v. Town bd. For Town of Skaneateles, 610 F.3d 55, 58-59 (2d Cir. 2010) (quoting Ashcroft v. Iqbal, – U.S.–, –, 129 C. Ct. 1937, 1950 (2009)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 565-66 (2007).

A federal court with diversity jurisdiction must apply the law of the state in which it sits. See Erie R. R. v. Tompkins, 304 U.S. 64 (1938). Additionally, the Court must also apply the choice-of-law principles of the forum state. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487 (1941). "In New York, the forum state in this case, the first question to resolve in determining whether to undertake a choice of law analysis is whether there is an actual conflict of laws." Fieger v. Pitney Bowes Credit Corp., 251 F.3d 386, 393 (2d Cir. 2001) (citations omitted). "It is only when it can be said that there is no actual conflict that New York will dispense with a choice of law analysis." Id. Therefore, an analysis of both New York and Illinois law of constructive trust is essential to determining whether Defendant's motion to dismiss should be granted.

Generally, New York law requires four elements to be established for an imposition of a constructive trust: "(1) a confidential or fiduciary relationship; (2) a promise, express or implied; (3) a transfer of the subject res made in reliance of that promise; and (4) unjust enrichment." United States v. Coluccio, 51 F.3d 337, 340 (2d Cir. 1995) (citations omitted). "Although these elements are meant to provide important guideposts, the constructive trust doctrine is equitable in nature and should not be rigidly limited." Id. (citations and internal quotations omitted). However, "[t]he fourth element is the most important since 'the purpose of the constructive trust is prevention of unjust enrichment.'" In re First Central Financial Corp., 377 F.3d 209, 212 (2d Cir. 2004) (quoting Simonds v. Simonds, 45 N.Y.2d 233, 242 (1978)).

Under Illinois law, "[a] constructive trust is an equitable remedy that may be imposed to redress unjust enrichment caused by a party's wrongful conduct." Charles Hester Enterprises, Inc. v. Illinois Founders Ins. Co., 114 Ill.2d 278, 293 (1986). Plaintiff may allege

a constructive trust was created where: (1) actual fraud is considered as equitable grounds for raising the trust, (2) there exists a fiduciary relationship and subsequent abuse of such relationship, or (3) duress, coercion and mistake is present. Charles Hester Enterprises, Inc., 114 Ill.2d at 293.

Here, Plaintiff alleges in the Proposed First Amended Complaint that "Bridge agreed to act as a fiduciary and trustee" and "failed to hold said funds in trust for the benefit of Colwell, thereby breaching its fiduciary obligation to Colwell." Pl.'s Prop. First Am. Compl. Para. 42, 44. Plaintiff's allegation of the existence and subsequent breach of Defendant's fiduciary duty alone is sufficient pleading to survive a motion to dismiss based on Illinois law of constructive trusts. The additional elements required under New York law have also been sufficiently pleaded to survive Defendant's motion. Plaintiff alleges that it reasonably relied on Defendant's representations and inducements in making advancements and loans to ArborMed. Plaintiff also alleges that Defendant received and converted approximately $350,000 worth of ArborMed's assets, thereby being unjustly enriched. Therefore, the Court need not perform a choice of law analysis because under New York or Illinois law Plaintiff alleges facts that plausibly give rise to an entitlement of relief. Accordingly, the Court finds that Plaintiff has sufficiently pleaded facts in the Proposed First Amended Complaint to survive a motion to dismiss.

### 2. Pleading Constructive Trust in the Alternative

Second, Defendant argues that under New York law Plaintiff cannot plead a claim of constructive trust in the alternative to breach of contract. The Second Circuit has "conclude[d] that this principle–that the existence of a written agreement precludes a finding of unjust enrichment–also applies to constructive trust claims." In re First Central Financial

Corp., 377 F.3d 209, 213 (2d Cir. 2004)).  However, "[i]n keeping with Rule 8 (d), courts construing New York law permit pleadings containing claims for both breach of contract and unjust enrichment where a determination as to whether a valid contract exists has not been made or the validity of the contract is disputed." Linares v. Richards, 2009 WL 2386083 at *5 (E.D.N.Y. 2009).

As noted previously, this case is in its initial pleading stage and Defendant has not filed its answer.  Currently, the parties' contentions as to the Intercreditor Agreement's validity is not yet known.  Therefore, the claim alleging a constructive trust may be pleaded in the alternative to the breach of contract claim.  Accordingly, Defendant's motion to dismiss is DENIED.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to amend the Complaint [dkt. # 28] is GRANTED, and Defendant's motion to dismiss [dkt. # 22] is DENIED.  Plaintiff will file the First Amended Complaint within 10 days of the date of this Decision and Order.

**IT IS SO ORDERED**.

Dated: June 23, 2011

_____
Thomas J. McAvoy
Senior, U.S. District Judge